IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wilhelmina Moore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:08-cv-3800-TLW-TER |
| ) | |
| Williamsburg County School District; ) | |
| Williamsburg County School Board; ) | |
| Ralph Fennell, Jr., Superintendent; ) | |
| Rumell Taylor, Principal; Betty R. ) | |
| McKnight; and Pepper Ray, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

The plaintiff, Wilhelmina Moore ("plaintiff"), brought this civil action, pro se, on November 17, 2008. (Doc. # 1). She filed an amendment to her complaint on December 14, 2009. (Doc. # 49). The defendants filed a motion for summary judgment on June 20, 2011. (Doc. # 81). The plaintiff submitted a response in opposition (Doc. # 87) to which the defendants filed a reply (Doc. # 89).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III to whom this case had previously been assigned. (Doc. # 92). In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motion for summary judgment (Doc. # 81) as to the plaintiff's Title VII claims of race discrimination and retaliation and her 42 U.S.C. § 1983 claims of equal protection and due process violations. (Doc. # 92). The Magistrate Judge also recommends that the District Court decline to exercise supplemental jurisdiction over the plaintiff's state law defamation

1

claim and dismiss this case in its entirety. (Doc. # 92). The plaintiff filed objections to the Report. (Doc. # 97). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In her objections (Doc. # 97), the plaintiff asserts she was fired, not transferred. However, the plaintiff provides no evidence in support of this assertion. In addition, as noted in the Magistrate Judge's Report, the record reflects that the plaintiff was transferred rather than fired. See Plaintiff Dep. pp. 152-54 (Doc. # 81, attach. 2); Compl. ¶ 8 (Doc. # 1); Amendment to Compl. ¶¶ 11, 13, 15 (Doc. # 49). The plaintiff's objection is therefore **OVERRULED**.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 92). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 81) is **GRANTED** as to the plaintiff's Title VII claims of race discrimination and retaliation and her 42 U.S.C. § 1983 claims of equal protection and due process violations. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the plaintiff's state law defamation claim. This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

January 23, 2012

Florence, South Carolina

3